HANSON BRIDGETT LLP
DIANE MARIE O'MALLEY, SBN 139166
domalley@hansonbridgett.com
SAMANTHA A. BOTROS, SBN 317523
SBotros@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for MERRILL GARDENS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BUSTOS RAMIREZ, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MERRILL GARDENS, LLC, a limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. <br><br> **DEFENDANT MERRILL GARDENS, LLC's NOTICE OF REMOVAL AND REMOVAL PURSUANT TO 28 U.S.C. § 1446(a), CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA") 29 U.S.C. § 1332(D)** <br><br> (Los Angeles County Superior Court Case No. 22STCV08363) <br><br> Action Filed:      03/08/2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF MARIA BUSTOS RAMIREZ AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant MERRILL GARDENS, LLC ("Defendant" or "Merrill Gardens") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446 and 1453. In support thereof, Defendant states as follows:

/ / /

/ / /

-1-

# I.    **PROCEDURAL BACKGROUND**

1.      On March 8, 2022, Plaintiff MARIA BUSTOS RAMIREZ ("Plaintiff") filed a putative Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of Los Angeles, entitled *Maria Bustos Ramirez v. Merrill Gardens, LLC, et al.*, Case No. 22STCV08363 (the "State Court Action").

2.      Plaintiff's Complaint asserted the following eight causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Breaks; (5) Failure to Indemnity Necessary Business Expenses; (6) Failure to Timely Pay Final Wages at Termination  (7) Failure to Provide Accurate Itemized Wage Statements; and, (8) Violation of the Unfair Competition Law.

3.      On March 18, 2022, Plaintiff personally served a copy of the Complaint and Summons to Defendant's Agent for Service of Process, C T Corporation System. A  true and correct copy of the Complaint that was served on March 18, 2021 is attached as **Exhibit A**, to this Notice of Removal.

4.       As further required by 28 U.S.C. § 1446(a), Defendant hereby provides this Court with copies of all process, pleadings, and orders received by Defendant in this action. True and correct copies of these documents are attached as **Exhibit B** to this Notice of Removal. Defendant has not been served with any pleadings, process, or orders besides those attached. Defendant has answered the Complaint, and a true and correct copy of that answer is attached as **Exhibit C** to this Notice of Removal.

5.       Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint, and the citizenship of "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

/ / /

/ / /

/ / /

18493940.1

## II.    VENUE IS PROPER

6.    Plaintiff filed the Complaint in the Superior Court for the State of California, County of Los Angeles, which is within this judicial district and division. *See* 28 U.S.C. § 84(a). This Court is thus the proper court for removal under 28 U.S.C. § 1441(a).

## III.    LEGAL STANDARD FOR REMOVAL

7.    The United States Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of a removing defendant.  Specifically, the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applied to complaints must also apply to notices of removal. *Id.*, at pp. 81-82.

8.    The Supreme Court also held in *Dart* that a removing defendant is not required to include evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met. *Id.* at pp. 86-87. Only if the Court or another party challenges jurisdiction should the Court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold … Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.  In addition, there exists no presumption against removal in CAFA cases, because Congress enacted CAFA specifically "to facilitate adjudication of certain class actions in federal court." *Id.*

## IV.    STATEMENT OF JURISDICTION

9.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") 29 U.S.C. § 1332(d), which vests the United

States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.(28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## V.    REMOVAL IS TIMELY

10.    This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. 526 U.S. 344, 347–348 (1999) (holding that the 30-day removal period runs from the service of the summons and complaint; mere receipt of the papers unattended by any formal service is insufficient to trigger the removal period).

11.    On March 18, 2022, Plaintiff's service on Defendant became effective. Because Defendant filed this Notice of Removal within 30 days of service of the Summons and Complaint on March 18, 2022, this Notice of Removal is timely as a matter of law.

## VI.    PLAINTIFF ASSERTS A CLASS ACTION

12.    Plaintiff brings this lawsuit as a class action. The Complaint itself is titled "CLASS ACTION COMPLAINT," Plaintiff states in the second paragraph that she brings this action "on behalf of himself [sic] and certain current and former employees of Defendants," and further states that "[t]he Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here." Ex. A, ¶ 6. Accordingly, CAFA applies. *See Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA

-4-

applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under … California Code of Civil Procedure Section 382").

## VII.   MORE THAN 100 PUTATIVE CLASS MEMBERS

13.    Plaintiff seeks to represent a class of "all persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." Ex. A, ¶ 23.

14.    Although Plaintiff's Complaint does not allege a specific number of persons who meet the proposed class definition, based upon inspection of Defendant's employment records, the number of individuals collectively employed by Defendant as non-exempt employees in California at which Plaintiff was employed during the time period from March 8, 2018 to the present is 3530 individuals. *See* Declaration of Rich Boberg ("Boberg Decl."), at ¶ 2. Thus, as defined in the Complaint, the putative class exceeds 100.

## VIII. DIVERSITY OF CITIZENSHIP

15.    CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

### Plaintiff Is A Citizen Of California

16.    Plaintiff's Complaint states that she is "a California resident that worked for Defendant in the County of Los Angeles, State of California." *See* Ex. A, ¶ 7. Therefore, Plaintiff is presumptively a citizen of the State of California. *See Ehrman v. Cox Communications, Inc.,* 932 F.3d 1223, 1228 (9th Cir. 2019) (finding that removing party's "jurisdictional allegations, which provided a short and plain statement of the parties' citizenships based on information and belief, satisfied [its] burden of pleading minimal diversity.").

18493940.1

## Defendant Is Not A Citizen Of California

17.    Merrill Gardens is a Washington Limited Liability Company ("LLC"), organized as such under the laws of the State of Washington. Boberg Decl., at ¶ 3. Ordinarily, for purposes of diversity jurisdiction, an unincorporated association has the citizenships of all of its members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006). However, the "exception to this rule is for class actions brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes").

18.    Rather, for purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Certain aspects of CAFA, it is true, evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted. For example . . . under § 1332(d)(10), 'an unincorporated association [is] ... deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members' "); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) ("For CAFA's purposes, [defendant] is a citizen both of the state where it has its principal place of

business and the state under whose laws it is organized. *See* 28 U.S.C. §
1332(d)(10).").

19.    Defendant is now, and ever since this action commenced has been,
incorporated under the laws of the State of Washington. Boberg Decl., ¶ 3. Thus, for
purposes of diversity jurisdiction, Defendant is a citizen of Washington.

20.    Further, Defendant's principal place of business is, and has been at all
times since this action commenced, located in the State of Washington. Boberg Decl.,
¶ 4.Thus, for purposes of diversity jurisdiction, Defendant is also a citizen of
Washington.

21.    The United States Supreme Court held that when determining a
corporation's principal place of business for diversity purposes, the appropriate test is
the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).
Under the "nerve center" test, the "principal place of business" means the corporate
headquarters where a corporation's high level officers direct, control and coordinate
its activities on a day-to-day basis. *Id.* at 92-93 ("We conclude that 'principal place of
business' is best read as referring to the place where a corporation's officers direct,
control, and coordinate the corporation's activities"); *see also Industrial Tectonics,
Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990) (holding that the "nerve
center" is where "its executive and administrative functions are performed").

22.    Under the "nerve center" test, Washington emerges as Defendant's
principal place of business. Defendant's corporate headquarters are located in Seattle,
Washington where Defendant's high-level officers direct, control, and coordinate its
activities. Boberg Decl., ¶ 5. Defendant's high-level corporate officers maintain
offices in Seattle, and many of Defendant's corporate-level functions are performed
in the Seattle office. *Id*. Additionally, many of Defendant's executive and
administrative functions, including corporate finance and accounting, are directed
from the Settle headquarters. *Id.*

/ / /

23.     The citizenship of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. 28 U.S.C. §§ 1441(a), (b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition.).

24.     Accordingly, minimal diversity under CAFA exists where, as here, Plaintiff, who is a citizen of California, is diverse from Defendant, a citizen of Washington. *See* 28 U.S.C. §§ 1332(d)(2)(A).

## IX.     THE AMOUNT IN CONTROVERSY FAR EXCEEDS 5,000,000[1]

25.     CAFA's $5,000,000 threshold for the "amount in controversy is not the same as the amount ultimately recovered." *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10- 4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010).  Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005). After all, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Moreover, when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000." *Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal.

---

[1] The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiff's allegations are entitled. Defendant denies that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims and their alleged damages at every stage of this case.

18493940.1

2009). As demonstrated below, Defendant's calculations are relatively conservative, made in good faith, based on evidence to the extent possible, and based on reasonable assumptions derived from the Complaint.

26.    In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

27.    Plaintiff's Complaint does not allege the total amount in controversy. However, as demonstrated herein, Plaintiff's allegations, when accepted as true, place more $5,000,000 in controversy in this lawsuit. By demonstrating that the amount in controversy exceeds the CAFA threshold, Defendant in no way concedes the validity of Plaintiff's claims in any respect or the likelihood that Plaintiff will obtain certification or recover anything.

28.    In determining the amount in controversy to support its Notice of Removal, Defendant relies on a conservative estimate of the amount in controversy based only on damages sought by Plaintiff as a result of the alleged: (1) minimum wage violations, (2) overtime violations, (3) failure to provide meal periods, (4) failure to provide rest periods, and (5) failure to reimburse business expenses. Because the amount in controversy for these claims alone satisfy the jurisdictional minimum requirement of $5 million, Defendant does not include additional analyses for estimates placed in controversy by Plaintiff's other causes of action alleged in the Complaint, including potential damages sought for the allegations of (1) failure to timely pay wages during employment, and (2) failure to provide itemized wage statements. That said, Defendant reserves the right to do so in opposition to any remand motion.

**Alleged Minimum Wage Violations**

29.    With regard to Plaintiff's claim for minimum wage violations, Plaintiff broadly alleges that she and the putative class members were entitled to receive at least minimum wages for compensation and Defendant failed to pay Plaintiff and the

putative class members at least minimum wages for all hours worked. Ex. A, ¶¶ 15, 30-39. Plaintiff's Complaint is devoid of any factual allegations supporting this claim and lacks any specificity, as it fails to even allege how many hours she and the putative class members worked without being compensated at least a minimum wage.

30.    Plaintiff alleges that she and other employees worked off the clock because they had to wait in line to undergo a COVID screening prior to clocking into work each workday. Ex. A, ¶ 15. While Plaintiff does not allege how long she and others spent working off the clock, Defendant conservatively estimates that each potential class member worked off the clock for five minutes each day, which means each employee would incur twenty-five minutes of off-the-clock work for each five-day workweek.

31.    In this matter, there is a four-year statute of limitations for this claim. Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208.  Between the four (4) year period ranging from March 8, 2018 to April 18, 2022, Defendant employed approximately 3530 non-exempt employees in California. Boberg Decl., at ¶ 2. Defendant pays its non-exempt employees biweekly. *Id*. at ¶ 6. Accordingly there are 26 pay periods per year. During the proposed class period, the potential class members worked a total of 755,420 workweeks or 377,710 pay periods. Plaintiff's hourly rate was $17.00, and is the hourly rate used for all calculations in this Notice of Removal. *Id*. at ¶ 7.

32.    A reasonable estimate of the amount in controversy for Plaintiff's unpaid minimum wages claim, at five minutes of unpaid minimum wages each week, is $**2,674,187** (377,710 [number of pay periods Defendant's 3530 non-exempt employees collectively worked between March 8, 2018 to April 22, 2022] x $7.08[twenty minutes per week]). Indeed, the Ninth Circuit and numerous district courts have held, an estimate of at least 30 minutes per class member per week is appropriate in light of Plaintiff's allegations. *See, e.g., Arias,* 936 F.3d at 927 (holding that "Marriott's assumptions are plausible" where it assumed "30 minutes of unpaid

overtime per week")

**Alleged Overtime Violations**

33.    With regard to Plaintiff's claim for overtime wage violations, Plaintiff broadly alleges that she and the putative class members were entitled to receive overtime wages for compensation and Defendant failed to pay Plaintiff and the putative class members overtime wages for all hours worked. Ex. A, ¶¶ 15, 40-48. Plaintiff's Complaint is devoid of any factual allegations supporting this claim and lacks any specificity, as it fails to even allege how many hours she and the putative class members worked without being compensated overtime wages.

34.    Plaintiff alleges that she and other employees worked off the clock because they had to wait in line to undergo a COVID screening prior to clocking into work each workday. Ex. A, ¶ 15. While Plaintiff does not allege how long she and others spent working off the clock, Defendant conservatively estimates that each potential class member worked an additional one hour of overtime for each period.

35.    In this matter, there is a four-year statute of limitations for this claim. Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208.  Between the four (4) year period ranging from March 8, 2018 to April 18, 2022, Defendant employed approximately 3530 non-exempt employees in California. Boberg Decl., at ¶ 2. Defendant pays its non-exempt employees biweekly. *Id*. at ¶ 6. Accordingly there are 26 pay periods per year. During the proposed class period, the potential class members worked a total of 755,420 workweeks or 377,710 pay periods. Plaintiff's hourly rate was $17.00, and is the hourly rate used for all calculations in this Notice of Removal. *Id*. at ¶ 7.

36.    Plaintiffs' allegations with respect to her overtime claims do not adequately state the number of hours of overtime worked, the amount of overtime owed, or even whether the putative class members were denied the whole of the time-and-a-half (1.5x) their regular rate owed or, instead, whether they were paid straight time for hours worked beyond eight (8) or twelve (12) in a day or forty (40) in a week.

18493940.1

Accordingly, for purposes of these calculations, Defendant assumes Plaintiff and the putative class are only seeking the remaining half-time of their regular rate of pay. Ex. A, ¶¶ 40-48.

37.     A reasonable estimate of the amount in controversy for Plaintiff's unpaid overtime wages claim of one hour of unpaid overtime per pay period. *Gant v. ALDI, Inc*., 2020 WL 1329909, at *5 (C.D. Cal. March 20, 2020) ("For the unpaid overtime claim, Defendants used a violation rate of one hour of unpaid overtime per week. This assumption is reasonable in light of the Complaint, whose allegations lack specificity"); *Wheatley*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) (finding an estimate of one hour per class member per week appropriate where Plaintiff alleged a "a pattern and practice" of overtime violations); *Stanley v. Distribution Alternatives, Inc*., 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (denying motion to remand where, "[f]or the at-controversy overtime wages, [defendant] assumes that each of the class members worked two hours of overtime each week during the class period"); *Patel v. Nike Retail Servs., Inc*., 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) (finding appropriate the assumption that each class member is owed one hour of overtime compensation per week where the complaint alleged overtime violations occurred "regularly");

38.     A reasonable estimate of the amount in controversy for Plaintiff's unpaid overtime wages claim, at one hour of wages per pay period, is $**3,210,535** (377,710 [number of pay periods Defendant's 3530 non-exempt employees collectively worked between March 8, 2018 to April 22, 2022] x $8.50[half of plaintiff's hourly rate]).

**Alleged Meal Period Violations**

39.     For every day an employee works six (6) or more hours and the employer fails to provide a 30-minute uninterrupted meal period prior to their fifth of work, or works ten (10) or more hours and the employer fails to provide a second 30-minute uninterrupted meal period, the employee is entitled to a premium payment equal to a

full hour of pay at the employee's regular rate of pay.  Lab. Code § 226.7(c).

40.     With respect to Plaintiff's meal period claim, Plaintiff alleges that she and the Putative Class Members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period. Ex. A, ¶¶ 49-52. And that Defendant failed to provide Plaintiff and the Class with both meal periods. *Id*. Plaintiff seeks to recover unpaid meal period premium payments. Ex. A, ¶ 52.

41.     In this matter, there is a four-year statute of limitations for this claim. Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208.  Between the four (4) year period ranging from March 8, 2018 to April 18, 2022, Defendant employed approximately 3530 non-exempt employees in California. Boberg Decl., at ¶ 2. Defendant pays its non-exempt employees biweekly. *Id*. at ¶ 6. Accordingly there are 26 pay periods per year. During the proposed class period, the potential class members worked a total of 755,420 workweeks or 377,710 pay periods. Plaintiff's hourly rate was $17.00, and is the hourly rate used for all calculations in this Notice of Removal. *Id*. at ¶ 7.

42.     Based on the allegations of the Complaint, assuming each potential class member is entitled to one hour of premium pay per pay period for the alleged non-provision of meal periods, the amount in controversy on this claim would equal no less than **$6,421,070** ($17.00/hour x 377,710 pay periods).

43.     Defendant's estimate is very conservative. Defendant assumes only one meal period violation for each two-week pay period, per employee, even though Plaintiff alleges employees had a meal period violation "regularly." *See* Ex. A, ¶ 51.

### Alleged Rest Period Violations

44.     For every day an employee works three and a half (3.5) or more hours and the employer fails to provide at least a 10-minute uninterrupted rest period, or works six (6) or more hours and the employer fails to provide a second at least 10-

18493940.1

1    minute uninterrupted rest period, the employee is entitled to a premium payment

2    equal to a full hour of pay at the employee's regular rate of pay.  Lab. Code §

3    226.7(c).

4        45.    With respect to Plaintiff's rest period claim, Plaintiff alleges that she

5    and the Putative Class Members did not receive compliant rest periods for working

6    more than four (4) and/or six (6) hours per day. Ex. A, ¶ 55. Plaintiff seeks to

7    recover unpaid rest period premium payments. Ex. A, ¶ 56.

8        46.    In this matter, there is a four-year statute of limitations for this claim.

9    Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208.  Between the four (4)

10   year period ranging from March 8, 2018 to April 18, 2022, Defendant employed

11   approximately 3530 non-exempt employees in California. Boberg Decl., at ¶ 2.

12   Defendant pays its non-exempt employees biweekly. *Id*. at ¶ 6. Accordingly there are

13   26 pay periods per year. During the proposed class period, the potential class members

14   worked a total of 755,420 workweeks or 377,710 pay periods. Plaintiff's hourly rate

15   was $17.00, and is the hourly rate used for all calculations in this Notice of Removal.

16   *Id*. at ¶ 7.

17       47.    Based on the allegations of the Complaint, assuming each potential

18   class member is entitled to one hour of premium pay per pay period for the alleged

19   non-provision of meal periods, the amount in controversy on this claim would equal

20   no less than **$6,421,070** ($17.00/hour x 377,710 pay periods).

21       48.    Defendant's estimate is very conservative. Defendant assumes only one

22   rest period violation for each two-week pay period, per employee.

23       **Alleged Unreimbursed Business Expenses**

24       49.    An employer has a statutory obligation to "indemnify his or her

25   employee for all necessary expenditures or losses incurred by the employee in direct

26   consequence of the discharge of his or her duties, or of his or her obedience to the

27   directions of the employer, even though unlawful, unless the employee, at the time

28   of obeying the directions, believed them to be unlawful." Cal. Labor Code §

2802(a).

50.     With respect to Plaintiff's unreimbursed business expense claim, Plaintiff alleges that she and the putative class members did not receive reimbursement for expenses they incurred in direct discharge of their duties, such as masks and specific types of clothing. Ex. A, ¶ 18.

51.     In this matter, there is a four-year statute of limitations for this claim. Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208.  Between the four (4) year period ranging from March 8, 2018 to April 18, 2022, Defendant employed approximately 3530 non-exempt employees in California. Boberg Decl., at ¶ 2. Defendant pays its non-exempt employees biweekly. *Id*. at ¶ 6. Accordingly there are 26 pay periods per year. During the proposed class period, the potential class members worked a total of 755,420 workweeks or 377,710 pay periods. Plaintiff's hourly rate was $17.00, and is the hourly rate used for all calculations in this Notice of Removal. *Id*. at ¶ 7.

52.     Assuming that each potential class member during the limitations period may recover mask expenses in the amount of $1.00 per mask, the amount in controversy for the unpaid business expenses would equal no less than **$3,957,930** ($5.00[$1.00 per mask x 5 days] x 791,586 workweeks).

53.     Defendant's estimate is very conservative. For purposes of showing the amount in controversy for alleged failure to reimburse mask expenses, there is a wide variety of masks available, with different costs.  An amazon search showed 50 masks cost about ~~$30.00, making each mask about $1.67. *See* https://www.amazon.com/WWDOLL-KN95-Mask-5-Layers-Breathable/dp/B08JQN25FR?th=1.

/ / /
/ / /
/ / /

**Attorney's Fees**

54.     Attorney's fees may also be included in the amount in controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013). Here, Plaintiff is seeking attorney's fees with respect to all causes of action. (Exh. A, Compl., at Prayer for Relief at ¶¶ 8, 13, 18, 23, 28, 33, 38, 43.

55.     The Ninth Circuit has recognized 25% as an appropriate benchmark for attorney's fee awards in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under that benchmark, and based on the demonstrated amount in controversy for causes action one through eight, it is reasonable to place the attorneys' fees in controversy at 25% of the alleged damages, which would equal: $5,895,666.56.

**Plaintiff's Other Claims Further Increase the Amount in Controversy**

56.     Plaintiff seeks injunctive relief to ensure compliance with the alleged California Labor Code violations of which she complains. Ex. A., ¶¶ 30, 45, 47-48, 56. Defendant has not yet quantified the costs of compliance with any such injunction, this would also increase the amount in controversy. *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2011), see also *Pagel v. Dairy Farmers of Am., Inc.*, 986 F.Supp.2d 1151, 1161 (C.D. Cal. 2013) [cost of complying with injunction may be aggregated for CAFA purposes].)

57.     Plaintiff's Complaint also seeks "any additional relief that the Court deems just and proper." Ex. A, prayer for relief ¶ 46. Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) [the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy

requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000].

58.    Accordingly, it is reasonable to assume that the amount-in-controversy in this case would even further exceed $5 million.

**Summary of Amount in Controversy**

59.    In sum, the allegations in Plaintiff's Complaint demonstrate that Plaintiff and the putative class place in controversy the following amounts:

| | | |
|---|---|---|
| a. | Minimum Wage Violations: | $2,674,187.00 |
| b. | Overtime Violations: | $3,210,535.00 |
| c. | Meal Period Violations: | $6,421,070.00 |
| d. | Rest Period Violations: | $6,421,070.00 |
| e. | Failure to Reimburse: | $3,957,930.00 |
| f. | Waiting Time Penalties: | Not included |
| g. | Itemized Statements: | Not included |
| h. | Injunctive Relief: | Not included |
| i. | Other Relief: | Not included |
| j. | Civil Penalties under the UCL: | Not included |
| | SUB-TOTAL | $22,684,792.00 |
| k. | Attorney's Fees at 25%: | $5,671,198.00 |
| | **GRAND TOTAL** | **$28,3559,990** |

## X.  NOTICE TO STATE COURT AND TO PLAINTIFF

60. Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of Los Angeles. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles as required under 28 U.S.C. § 1446(d).

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IX.    CONCLUSION

WHEREFORE, Defendant respectfully requests that this action now proceed against it in this Court as an action properly removed.

DATED:  April 18, 2022                                HANSON BRIDGETT LLP


By:        */S/ Diane Marie O'Malley*
                DIANE MARIE O'MALLEY
                SAMANTHA BOTROS
                *Attorneys for Defendant*
                MERRILL GARDENS, LLC

18493940.1

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/08/2022 03:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

Kane Moon (SBN 249834)
    kane.moon@moonyanglaw.com
Lilit Tunyan (SBN 329351)
    lilit.tunyan@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Maria Bustos Ramirez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA BUSTOS RAMIREZ, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>MERRILL GARDENS, L.L.C., a limited liability company; and DOES 1 through 10, inclusive,<br><br>            Defendants | Case No.: 22STCV08363<br><br>**CLASS ACTION COMPLAINT:**<br><br>1.  Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>2.  Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>3.  Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>4.  Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];<br>5.  Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802];<br>6.  Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>7.  Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and<br>8.  Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].<br><br>**DEMAND FOR JURY TRIAL** |

1

<u>**TABLE OF CONTENTS**</u>

2 INTRODUCTION & PRELIMINARY STATEMENT ................................................. 1

3 THE PARTIES ......................................................................................................... 3

4   A. Plaintiff ...................................................................................................... 3

5   B. Defendants ................................................................................................. 3

6 ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................ 4

7 CLASS ACTION ALLEGATIONS ........................................................................ 7

8 FIRST CAUSE OF ACTION ................................................................................ 11

9 SECOND CAUSE OF ACTION ........................................................................... 13

10 THIRD CAUSE OF ACTION .............................................................................. 14

11 FOURTH CAUSE OF ACTION ........................................................................... 15

12 FIFTH CAUSE OF ACTION ............................................................................... 16

13 SIXTH CAUSE OF ACTION .............................................................................. 16

14 SEVENTH CAUSE OF ACTION ......................................................................... 17

15 EIGHTH CAUSE OF ACTION ............................................................................ 19

16 PRAYER FOR RELIEF ....................................................................................... 22

17 DEMAND FOR JURY TRIAL ............................................................................. 25

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Maria Bustos Ramirez ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.     Plaintiff brings this action against Defendants Merrill Gardens, LLC, and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2.     Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below).  The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employeeduring the statute of limitations period applicable to the claims pleaded here.

3.     Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.     Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

    (a)    Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

CLASS ACTION COMPLAINT

(b)    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)    Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)    Failing to indemnify employees for necessary business expenses incurred;

(e)    Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)    Failing to maintain accurate records of the hours that employees worked.

(g)    Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

# THE PARTIES

### A.   Plaintiff

7.     Plaintiff is a California resident that worked for Defendants in the County of Los Angeles, State of California, as a cook from 2019 to the present.

8.     Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.   Defendants

9.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Merrill Gardens, LLC is:

(a)     A limited liability company with its principal place of business in Los Angeles, California.

(b)     A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County; and

(c)     The former employer of Plaintiff, and the current and/or former employer of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10.     Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.     At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

12.     Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13.    Plaintiff is a California resident who worked for Defendants in the County of Los Angeles, State of California, as a cook from approximately 2019 to the present. During the statutory period, Defendants classified Plaintiff as non-exempt from California's overtime requirements, and paid Plaintiff an hourly wage.

14.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

15.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Plaintiff and the Class were required to work "off the clock" and uncompensated.  For example, Plaintiff and the Class were required to wait in line in order to undergo a COVID screening prior to clocking into work each workday, off the clock and uncompensated.  Plaintiff and the Class were

CLASS ACTION COMPLAINT

also required to wait in line in order to clock into work (after the COVID screening process), off the clock and uncompensated.  Plaintiff and the Class were also required to wait in line in order to clock back in after meal breaks, off the clock and uncompensated. Plaintiff and the class were also required to clock out and continue to work, off the clock and uncompensated, leading to underpayment of wages. Also throughout the statutory period, Plaintiff and the Class received non-discretionary bonuses, extra pay, and other remuneration.  However, Defendants failed to incorporate all remuneration when calculating the correct overtime rate of pay, meal break premium rate of pay, and sick pay, leading to underpayment.  In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

16.    Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Defendants also failed to accurately record meal periods. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

17.    Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted.  Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period.  Moreover, Defendants did not have adequate policies or practices permitting or

authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods.  Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

18.    Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement, such as the purchase of masks and specific types of clothing.

19.    Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages.

20.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address).  Further, the wage statements do not show Defendant's address as required by California law.  As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a)    the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)    the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)    the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)    the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)    the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil

Procedure § 382.

22.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

23.     The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

24.     At all material times, Plaintiff was a member of the Class.

25.     Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

26.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

    (a)     Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

    (b)     Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

    (c)     Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in

the rules governing class action discovery, certification, and settlement.
Plaintiff has incurred, and throughout the duration of this action, will
continue to incur costs and attorneys' fees that have been, are, and will be
necessarily expended for the prosecution of this action for the substantial
benefit of each class member.

     (d)    <u>Superiority</u>: A Class Action is superior to other available methods for the
fair and efficient adjudication of the controversy, including consideration
of:

        1)    The interests of the members of the Class in individually
controlling the prosecution or defense of separate actions;

        2)    The extent and nature of any litigation concerning the controversy
already commenced by or against members of the Class;

        3)    The desirability or undesirability of concentrating the litigation of
the claims in the particular forum; and

        4)    The difficulties likely to be encountered in the management of a
class action.

     (e)    <u>Public Policy Considerations</u>: The public policy of the State of California
is to resolve the California Labor Code claims of many employees through
a class action. Indeed, current employees are often afraid to assert their
rights out of fear of direct or indirect retaliation. Former employees are
also fearful of bringing actions because they believe their former
employers might damage their future endeavors through negative
references and/or other means. Class actions provide the class members
who are not named in the complaint with a type of anonymity that allows
for the vindication of their rights at the same time as their privacy is
protected.

27.    There are common questions of law and fact as to the Class (and each subclass, if
any) that predominate over questions affecting only individual members, including without

limitation, whether, as alleged herein, Defendants have:

    (a)    Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

    (b)    Failed to provide meal periods and pay meal period premium wages to Class Members;

    (c)    Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

    (d)    Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

    (e)    Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

    (f)    Failed to reimburse Class Members for all necessary business expenses; and

    (g)    Violated California Business & Professions Code §§ 17200 *et. seq*. as a result of their illegal conduct as described above.

28.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

    (a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

    (b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

    (c)    The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

    (d)    Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

    (e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate

1  compensation for the damages and injuries for which Defendants are

2  responsible in an amount sufficient to adequately compensate the members

3  of the Class for the injuries sustained;

4      (f)    Without class certification, the prosecution of separate actions by

5  individual members of the class would create a risk of:

6      1)    Inconsistent or varying adjudications with respect to individual

7  members of the Class which would establish incompatible standards

8  of conduct for Defendants; and/or

9      2)    Adjudications with respect to the individual members which would,

10  as a practical matter, be dispositive of the interests of other

11  members not parties to the adjudications, or would substantially

12  impair or impede their ability to protect their interests, including but

13  not limited to the potential for exhausting the funds available from

14  those parties who are, or may be, responsible Defendants; and,

15      (g)    Defendants have acted or refused to act on grounds generally applicable to

16  the Class, thereby making final injunctive relief appropriate with respect to

17  the class as a whole.

18      29.    Plaintiff contemplates the eventual issuance of notice to the proposed members of

19  the Class that would set forth the subject and nature of the instant action.  The Defendants' own

20  business records may be utilized for assistance in the preparation and issuance of the

21  contemplated notices.  To the extent that any further notices may be required, Plaintiff would

22  contemplate the use of additional techniques and forms commonly used in class actions, such as

23  published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by

24  other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

25  **<u>FIRST CAUSE OF ACTION</u>**

26  **(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

27      30.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

28  paragraphs 1 through 20 in this Complaint.

31.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

32.    At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

33.    Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

34.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

35.    By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

36.    By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

37.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

38.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants

systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

39.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

40.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

41.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

42.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

43.     At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

44.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

45.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

46.    By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

47.    Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

48.    California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

**THIRD CAUSE OF ACTION**

**(Against All Defendants for Failure to Provide Meal Periods)**

49.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

50.    Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class's sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

51.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

14

CLASS ACTION COMPLAINT

Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

52. Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

### (Against All Defendants for Failure to Authorize and Permit Rest Periods)

53. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

54. Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked. Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

55. Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

56. Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

**FIFTH CAUSE OF ACTION**

**(Against All Defendants for Failure to Indemnify Necessary Business Expenses)**

57.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

58.     Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

59.     As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

60.     Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

**SIXTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

61.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

62.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

63.     Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be

CLASS ACTION COMPLAINT

paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

64.     Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

65.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

66.     Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

67.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

**SEVENTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Provide and Maintain Accurate and**

**Compliant Wage Records)**

68.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

69.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

70.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

71.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

72.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

73.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

74.    Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

75.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

76.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

77.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

78.      Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

80.     A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq*.

### Failure to Pay Minimum Wages

81.     Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Pay Overtime Wages

82.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Maintain Accurate Records of All Hours Worked**

83.    Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Provide Meal Periods**

84.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Authorize and Permit Rest Periods**

85.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Indemnify Necessary Business Expenses**

86.    Defendants' failure to indemnify employees for necessary business expenses in accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Provide Accurate Itemized Wage Statements**

87.    Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

88.    By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

89.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

90.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled

to, and do, seek such relief as may be necessary to disgorge money and/or property which the
Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by
means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and
the Class are not obligated to establish individual knowledge of the wrongful practices of
Defendants in order to recover restitution.

91.    Plaintiff, individually, and on behalf of members of the putative class, are further
entitled to and do seek a declaration that the above described business practices are unfair,
unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,
from engaging in any of the above-described unfair, unlawful and/or fraudulent business
practices in the future.

92.    Plaintiff, individually, and on behalf of members of the putative class, have no
plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members
suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business
practices.  As a result of the unfair, unlawful and/or fraudulent business practices described
above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and
will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained
from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

93.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth
herein above, they will continue to avoid paying the appropriate taxes, insurance and other
withholdings.

94.    Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff
and putative Class Members are entitled to restitution of the wages withheld and retained by
Defendants during a period that commences four years prior to the filing of this complaint; a
permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and
Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §
1021.5 and other applicable laws; and an award of costs.

1

### **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

#### Class Certification

1.    That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.    That Plaintiff be appointed as the representative of the Class; and

3.    That counsel for Plaintiff be appointed as Class Counsel.

#### As to the First Cause of Action

4.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5.    For general unpaid wages as may be appropriate;

6.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.    For liquidated damages;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.    For such other and further relief as the Court may deem equitable and appropriate.

#### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.    For general unpaid wages at overtime wage rates as may be appropriate;

12.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

1  California Labor Code § 1194(a); and,

2        14.     For such other and further relief as the Court may deem equitable and appropriate.

3  <u>As to the Third Cause of Action</u>

4        15.     That the Court declare, adjudge and decree that Defendants violated California

5  Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

6        16.     For unpaid meal period premium wages as may be appropriate;

7        17.     For pre-judgment interest on any unpaid compensation commencing from the date

8  such amounts were due;

9        18.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

10  and for costs of suit incurred herein; and

11        19.     For such other and further relief as the Court may deem equitable and appropriate.

12  <u>As to the Fourth Cause of Action</u>

13        20.     That the Court declare, adjudge and decree that Defendants violated California

14  Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

15        21.     For unpaid rest period premium wages as may be appropriate;

16        22.     For pre-judgment interest on any unpaid compensation commencing from the date

17  such amounts were due;

18        23.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

19  and for costs of suit incurred herein; and

20        24.     For such other and further relief as the Court may deem equitable and appropriate.

21  <u>As to the Fifth Cause of Action</u>

22        25.     That the Court declare, adjudge and decree that Defendants violated Labor Code §

23  2802 and the IWC Wage Orders;

24        26.     For general unpaid wages and reimbursement of business expenses as may be

25  appropriate;

26        27.     For pre-judgment interest on any unpaid compensation commencing from the date

27  such amounts were due;

28        28.     For reasonable attorneys' fees and for costs of suit incurred herein; and

29.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31.     For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

33.     For reasonable attorneys' fees and for costs of suit incurred herein; and

34.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

35.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36.     For penalties and actual damages pursuant to California Labor Code § 226(e);

37.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

38.     For reasonable attorneys' fees and for costs of suit incurred herein; and

39.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

40.     That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

41.    For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

43.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

44.    For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

45.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

46.    For any additional relief that the Court deems just and proper.


Dated: February 18, 2022                Respectfully submitted,

                                        MOON & YANG, APC

                                        By: _____
                                             Kane Moon
                                             Lilit Tunyan
                                             Attorneys for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.


Dated: February 18, 2022                MOON & YANG, APC

                                        By: _____
                                             Kane Moon
                                             Lilit Tunyan
                                             Attorneys for Plaintiff

CLASS ACTION COMPLAINT

# EXHIBIT B

# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Electronically FILED by Superior Court of California, County of Los Angeles on 03/08/2022 43:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Legaspi, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kane Moon (SBN 249834), Lilit Tunyan (SBN 329351)<br>MOON & YANG APC<br>1055 W. 7th Street, Suite 1880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-232-3128      FAX NO. *(Optional):* 213-232-3125<br>E-MAIL ADDRESS: kane.moon@moonyanglaw.com,lilit.tunyan@moonya<br>ATTORNEY FOR *(Name):* Plaintiff: Maria Bustos Ramirez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME: Ramirez v. Merrill Gardens, L.L.C.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 22STCV08363 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):*  8
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/7/2022

Kane Moon
_____
(TYPE OR PRINT NAME)            ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB | Essential
ceb.com | Forms™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice– Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic relations)*
        Sister State Judgment
        Administrative Agency Award *(not unpaid taxes)*
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief from Late Claim
        Other Civil Petition

CEB | Essential Forms
ceb.com

| SHORT TITLE: Ramirez v. Merrill Gardens, L.L.C. | CASE NUMBER 22STCV08363 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Ramirez v. Merrill Gardens, L.L.C. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: Ramirez v. Merrill Gardens, L.L.C. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Ramirez v. Merrill Gardens, L.L.C. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __3/7/2022__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING FOR CIVIL ) ) ) ) ) _____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

    i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii) Bonds/Undertaking documents;

    iii) Trial and Evidentiary Hearing Exhibits

    iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

   Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

   If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

   Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)  Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)  Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3        Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4        Division of the Los Angeles County Superior Court.

5

6            This First Amended General Order supersedes any previous order related to electronic filing,

7        and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8        Supervising Judge and/or Presiding Judge.

9

10       DATED:  May 3, 2019  KEVIN C. BRAZILE

11                                                                      Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/08/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lozano _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV08363 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ Daniel J. Buckley | 1 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _03/08/2022_____
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _R. Lozano_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/01/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Grade, Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MOON & YANG, APC<br>Kane Moon, Esq. (SBN 249834); Lilit Tunyan, Esq. (SBN 329351)<br>1055 West Seventh Street, Suite 1880<br>Los Angeles, California 90017<br>TELEPHONE NO.: (213) 232-3128   FAX NO. *(Optional):* (213) 232-3125<br>E-MAIL ADDRESS *(Optional):* kane.moon@moonyanglaw.com; lilit.tunyan@moonyanglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff MARIA BUSTOS RAMIREZ | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 312 North Spring Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, California 90012 |
| BRANCH NAME: SPRING STREET COURTHOUSE |

| PLAINTIFF/PETITIONER: MARIA BUSTOS RAMIREZ, individually, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERRILL GARDENS, L.L.C., etc.; et al. | 22STCV08363 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>2044964CB |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [✓] summons

   b. [✓] complaint

   c. [ ] Alternative Dispute Resolution (ADR) package

   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [✓] other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case; First Amended General Order; Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation; Voluntary Efficient Litigation Stipulations Package

3. a. Party served *(specify name of party as shown on documents served):*

   MERRILL GARDENS, L.L.C., a limited liability company

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a:*

   CT Corporation System, Agent for Service of Process by serving Sarahi Marin, Intake Specialist

4. Address where the party was served:

   330 North Brand Boulevard, Suite 700, Glendale, California 91203

5. I served the party *(check proper box)*

   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 03/18/2022 (2) at *(time):* 12:30 p.m.

   b. [ ] **by substituted service.** On *(date):* _____ at *(time):* _____ I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* _____ from *(city):* _____ **or** [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER:  MARIA BUSTOS RAMIREZ, individually, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  MERRILL GARDENS, L.L.C., etc.; et al. | 22STCV08363 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date):*                                  (2)  from *(city):*

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  ☐  as an individual defendant.
b.  ☐  as the person sued under the fictitious name of *(specify):*
c.  ☐  as occupant.
d.  ☑  On behalf of *(specify):*  MERRILL GARDENS, L.L.C., a limited liability company
under the following Code of Civil Procedure section:

☐  416.10 (corporation)                                    ☐  415.95 (business organization, form unknown)
☐  416.20 (defunct corporation)                            ☐  416.60 (minor)
☐  416.30 (joint stock company/association)                ☐  416.70 (ward or conservatee)
☑  416.40 (association or partnership)                     ☐  416.90 (authorized person)
☐  416.50 (public entity)                                  ☐  415.46 (occupant)
                                                           ☐  other:

7.  **Person who served papers**
a.  Name:  Abel Marroquin, Ace Attorney Service, Inc.
b.  Address:  811 Wilshire Boulevard, Suite 900, Los Angeles, California 90017
c.  Telephone number:  (213) 623-3979
d.  **The fee** for service was: $ 115.75
e.  I am:

(1)  ☑  not a registered California process server.
(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
(3)  ☐  a registered California process server:
(i)  ☐  owner    ☐  employee    ☐  independent contractor.
(ii)  Registration No.:
(iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  March 23, 2022

_____
ABEL MARROQUIN
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  _____
(SIGNATURE )

Electronically FILED by Superior Court of California, County of Los Angeles on 03/08/2022 11:56 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk
Case 2:22-cv-02584-CDW-JPR Document 1-1 Filed 04/18/22 Page 67 of 94 Page ID
#:67
22STCV08363

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MERRILL GARDENS, L.L.C., a limited liability company; and DOES
1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA BUSTOS RAMIREZ, individually, and on behalf of all others
similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)* Los Angeles

111 N. Hill Street
Los Angeles,  CA 90012

**CASE NUMBER:**
*(Número del Caso:)*

22STCV08363

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Kane Moon, MOON & YANG APC, 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

DATE:            Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)* 03/08/2022           Clerk, by                                    , Deputy
                                    *(Secretario)*   R. Lozano           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at _www.lacourt.org_ under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➢  _____
        (TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)
Date:

_____   ➢  _____
        (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____   ➢  _____
        (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____   ➢  _____
        (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____   ➢  _____
        (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)
Date:

_____   ➢  _____
        (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)
Date:

_____   ➢  _____
        (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Print    Save    Clear

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

      iii.     Be filed within two (2) court days of receipt of the Request; and

      iv.     Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➢ _____
         (ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
         (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
         (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
         (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
      (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
      (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
      (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

[ Print ]   [ Save ]                                   [ Clear ]

LACIV 036 (new)
LASC Approved 04/11               **STIPULATION – DISCOVERY RESOLUTION**               Page 3 of 3
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

SHORT TITLE:

CASE NUMBER:

## The following parties stipulate:

Date:

_____

(TYPE OR PRINT NAME)

➢ _____

(ATTORNEY FOR PLAINTIFF)

Date:

_____

(TYPE OR PRINT NAME)

➢ _____

(ATTORNEY FOR DEFENDANT)

Date:

_____

(TYPE OR PRINT NAME)

➢ _____

(ATTORNEY FOR DEFENDANT)

Date:

_____

(TYPE OR PRINT NAME)

➢ _____

(ATTORNEY FOR DEFENDANT)

Date:

_____

(TYPE OR PRINT NAME)

➢ _____

(ATTORNEY FOR _____)

Date:

_____

(TYPE OR PRINT NAME)

➢ _____

(ATTORNEY FOR _____)

Date:

_____

(TYPE OR PRINT NAME)

➢ _____

(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____

JUDICIAL OFFICER

Print          Save          Clear

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: _May 11, 2011_       _Carolyn B. Kuhl_

5                                Carolyn B. Kuhl, Supervising Judge of the

6                                Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PURSUANT TO CCP 1054(a)

# EXHIBIT C

HANSON BRIDGETT LLP
DIANE MARIE O'MALLEY, SBN 139166
domalley@hansonbridgett.com
SAMANTHA A. BOTROS, SBN 317523
SBotros@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for MERRILL GARDENS, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA BUSTOS RAMIREZ, individually, and on behalf of all others similarly situated, | Case No. 22STCV08363 |
| Plaintiff, | **DEFENDANT MERRILL GARDENS LLC's ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | Action Filed:        03/08/2022 |
| MERRILL GARDENS, L.L.C., a limited liability company; and DOES 1 through 10, inclusive, | |
| Defendant. | |

      Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant Merrill Gardens, LLC ("Defendant") answers the Complaint ("COMPLAINT") of Plaintiff MARIA BUSTOS RAMIREZ ("Plaintiff"). Defendant denies, both generally and specifically, each and every allegation of the COMPLAINT and denies that Plaintiff is entitled to any relief whatsoever.

## <u>GENERAL DENIAL</u>

      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies and puts at issue each and every material allegation contained in Plaintiff's Complaint.

      Defendant further denies that Plaintiff sustained injuries, damages, or losses, if any, by reason of any act, omission, or negligence on the part of Defendant, or on the part of Defendant's past or present agents, servants, employees or representatives.

Defendant further denies that Plaintiff is entitled to general, punitive, or other damages, in any amount, by reason of any act, omission or negligence on the part of Defendant, or on the part of Defendant's past or present agents, servants, employees or representatives.

## SEPARATE AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's alleged facts, Defendant pleads the following separate and affirmative defenses to the Complaint. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate affirmative defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute any cause of action against it.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant alleges as a separate affirmative defense that Plaintiff's causes of action are barred, in whole or in part, to the extent she failed to bring her claims within the time period prescribed by the applicable statutes of limitation, including, without limitation, those provided by California Labor Code Section 2698, *et seq*., and California Code of Civil Procedure Sections 337, 338, 339, and 343, California Code of Civil Procedure Sections 338 and 340, California Labor Code sections 203, and 226, and California Business and Professions Code Section 17208 in addition to any other applicable legal authority.

## THIRD AFFIRMATIVE DEFENSE

### (Laches and Unclean Hands)

Defendant alleges as a separate affirmative defense that, Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Ratification and Estoppel)

Defendant alleges as a separate affirmative defense that Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, ratification by her own actions and those of

18494320.1

1  class members and aggrieved employees and estoppel.

2  **FIFTH AFFIRMATIVE DEFENSE**

3  **(No Right To Declaratory Or Injunctive Relief)**

4    Defendant alleges as a separate affirmative defense that Plaintiff is barred from obtaining

5  declaratory relief because Plaintiff has an adequate remedy at law and Plaintiff has other means of

6  seeking a determination of her rights.

7  **SIXTH AFFIRMATIVE DEFENSE**

8  **(Compliance With Law)**

9    Plaintiff's and the alleged putative class' claims are barred to the extent that Defendant

10  acted in accordance with the applicable law, state regulations, and applicable order of the

11  California Industrial Welfare Commission in effect during the relevant time periods.

12  **SEVENTH AFFIRMATIVE DEFENSE**

13  **(Good Faith)**

14    Plaintiff's and the alleged putative class' claims are barred, in whole or in part, and/or

15  recovery is precluded because Defendant's alleged acts or omissions, if any, were made in good

16  faith, not willful, not knowing and intentional, and Defendant had reasonable grounds for

17  believing it was acting in accordance with the law, including but not limited to any obligations

18  under Labor Code section 226 to make, keep, and preserve adequate and accurate records of

19  covered employees and the wages, hours, and other conditions and practices of employment, and

20  under Labor Code section 203 to effectuate a final payment of all wages. Any Labor Code Section

21  203 claims are barred based on a good faith dispute as to whether any claimed premium pay or

22  wages were owed, and Defendant's acts or omissions, if any, were not willful.

23  **EIGHTH AFFIRMATIVE DEFENSE**

24  **(Fairness and Public Policy)**

25    Plaintiff's and the alleged putative class' claims are barred by the principles of fairness and

26  public policy relating to changes in the law upon which Defendant relied during the relevant time

27  periods.

28

-3-

1

## NINTH AFFIRMATIVE DEFENSE

2

### (Consent)

3      Plaintiff's and the alleged putative class' claims are barred in whole or in part by the

4   doctrine of consent.

5

## TENTH AFFIRMATIVE DEFENSE

6

### (Bar Through Other Actions)

7      Plaintiff's and the alleged putative class' claims are barred, in whole or in part, to the

8   extent that Plaintiff or any alleged putative class members pursued or are pursuing any claim

9   before the California Labor Commissioner, Division of Labor Standards Enforcement, or the

10  United States Department of Labor.

11

## ELEVENTH AFFIRMATIVE DEFENSE

12

### (*Res Judicata*, Collateral Estoppel)

13      Plaintiff's and the alleged putative class' claims are barred, in whole or in part, by the

14  doctrines of *res judicata*, collateral estoppel, or the doctrine barring duplicative litigation, to the

15  extent that Plaintiff or any alleged putative class member have asserted or could have asserted the

16  same or similar claims in any other judicial, administrative, or arbitral forum.

17

## TWELFTH AFFIRMATIVE DEFENSE

18

### (Release)

19      Plaintiff's and the alleged putative class' claims are barred in whole or in part to the extent

20  that they were parties to any settlement agreements, releases, or waivers of claims.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

22

### (Accord and Satisfaction)

23      Plaintiff's and the alleged putative class' claims are barred, in whole or in part, to the

24  extent that Plaintiff, or any member of the putative class they seek to represent, have been fully

25  paid all amounts legally owed, and by accepting the payments made to them, Plaintiff and any

26  alleged similarly-situated individuals have effectuated an accord and satisfaction of their claims.

27

28

18494320.1

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff and Putative Class Members' Actions Bar Claims)**

Plaintiff's and the alleged putative class' claims are barred, in whole or in part, to the extent Plaintiff and/or putative class members failed to accurately report time worked.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence)**

Defendant alleges that the COMPLAINT, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of after-acquired evidence.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Nature of Work)**

Plaintiff's and the alleged putative class' claims are barred to the extent that the nature of the work prevented Plaintiff or any putative class members from taking any off-duty meal periods during the relevant time periods.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Off Set)**

Plaintiff's and the alleged putative class' claims for monetary relief or restitution are barred and subject to offset, in whole or in part, to the extent that Plaintiff or any alleged putative class member have received premium pay for any on-duty meal periods or any payments under Labor Code Section 226.7 and to the extent that the same or similar claims are governed by orders, awards, or judgments issued in any other judicial, administrative, or arbitral forum.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Not a Proper Class Action – No Adequate Representation)**

Defendant alleges that the COMPLAINT, and each purported cause of action contained therein, cannot be pursued as a class or representative action because Plaintiff cannot adequately represent the class.

/ / /

/ / /

/ / /

## NINETEENTH AFFIRMATIVE DEFENSE

### (Disregard of Compliant Policies)

Defendant alleges that, any claims regarding rest breaks and meal periods are barred to the extent that Plaintiff and/or putative class members disregarded Defendant's policies regarding rest breaks and meal periods. To the extent they did not take a rest or meal period, it was due to their voluntary choice.

## TWENTIETH AFFIRMATIVE DEFENSE

### (On-Duty Meal Periods)

Plaintiff's and the alleged putative class' claims are barred, in whole or in part, to the extent that Plaintiff and putative class members worked pursuant to on-duty meal period agreements that they executed individually.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver of Off-Duty Meal Periods)

Plaintiff's and the alleged putative class' claims are barred, in whole or in part, to the extent that Plaintiff and putative class members voluntarily waived their off-duty meal periods, including for workdays in which they worked six hours or less, and for workdays in which they worked more than ten and no more than twelve hours.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

Defendant alleges that Plaintiff's claims are barred, in whole or in part, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Defendant took reasonable steps to prevent and correct alleged violations of wage and hour laws; Plaintiff and/or putative class members unreasonably failed to use the preventative and corrective opportunities provided by Defendant; Defendant communicated those procedures to Plaintiff and/or putative class members during their employment; Plaintiff and putative class were aware of such procedures; and reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff and/or putative class members allegedly suffered.

/ / /

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

### **(No Standing)**

The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent Plaintiff and/or putative class members cannot properly represent the interests of the purported class. Thus, Plaintiff's and the alleged putative class' claims are barred, in whole or in part, to the extent Plaintiff lack standing to bring some or all of the claims.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

### **(Lack of Typicality)**

Defendant alleges that Plaintiff's claims are barred, in whole or in part, because the claims alleged by Plaintiff are neither common nor typical of those, if any, of the putative class they seek to represent.

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

### **(Lack of Manageability)**

The COMPLAINT, and each purported cause of action therein, is barred, in whole or in part, because Plaintiff and/or putative class members cannot establish the necessary procedural elements for class treatment; Defendant therefore opposes class certification and disputes the propriety of class treatment.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

### **(Practices Not Likely to Deceive)**

Defendant alleges that any recovery on any cause of action contained in the COMPLAINT, is barred, in whole or in part, because any alleged deceptive business practice under California Business & Professions Code § 17200 are not likely to deceive.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

### **(Lack of Knowledge of Business Expenses Incurred)**

Plaintiff's and the alleged putative class' claims related to Labor Code Section 2802 are barred to the extent Plaintiff and the alleged putative class did not inform Defendant of any expenses, the expenses incurred were not reasonable and/or were not incurred in the course and scope of employment.  To the extent any reimbursement for expenses are owed, Plaintiff's and the

18494320.1

1   alleged putative class' claim fails as there is no time limit for such reimbursements and thus the
2   claim is premature as the reimbursement is not yet due.

3   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

4   **(Lack of Class Action Requisites)**

5        Plaintiff is barred from obtaining certification of a class on the grounds that Plaintiff
6   cannot satisfy the prerequisites for class certification, including without limitation and not limited
7   to, that there exists an ascertainable class and a well-defined community of interest in that
8   common questions of law and fact predominate or are otherwise involved.

9   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

10  **(Lack of Knowledge – Plaintiff's Conduct Regarding Meal and Rest Periods and Any**
11  **Alleged Unpaid Overtime)**

12       Defendant alleges that the COMPLAINT, or any cause of action regarding overtime pay,
13  minimum wage, meal and rest periods are barred to the extent that Defendant had no knowledge or
14  reason to know that Plaintiff and/or putative class members were working for the time which they
15  were not paid, or that they were not receiving or taking meal and/or rest breaks in accordance with
16  the law. Further, Defendant alleges that it paid putative class members and aggrieved all
17  employees all overtime owed.

18  **THIRTIETH AFFIRMATIVE DEFENSE**

19  **(No Restitution)**

20       Defendant alleges that Plaintiff's Unfair Competition Law claim is barred, in whole or in
21  part, because neither Section 226 penalties, Section 203 penalties, nor meal and rest premium pay
22  payments are recoverable as restitution.

23  **THIRTY-FIRST AFFIRMATIVE DEFENSE**

24  **(Voluntary Choice Regarding Taking of Meal Periods)**

25       Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant
26  provided all non-exempt employees the opportunity to take meal periods in compliance with the
27  law. To the extent Plaintiff and/or any putative class member did not take a meal period, it was
28  due to their voluntary choice, and not due to any policy or practice of Defendant.

18494320.1

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Voluntary Choice Regarding Taking of Rest Periods)

Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant provided all non-exempt employees the opportunity to take rest periods in compliance with the law. To the extent Plaintiff and/or any putative class member did not take a rest period, it was due to their voluntary choice, and not due to any policy or practice of Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Compliant Wage Statements)

Defendant alleges that Plaintiff's wage statement claims are barred to the extent she claims wage statements were incorrect due to unpaid overtime, wages, and meal or rest premiums as Defendant alleges the statements were fully compliant.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim for Penalties)

Defendants allege that Plaintiff's Complaint fails to properly state a claim for penalties pursuant to Labor Code Section 203.

### RESERVATION OF RIGHTS

#### (Unknown Defenses/Reservation of Rights)

Defendant alleges that the Complaint is vague, ambiguous and written in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional defenses if Defendant becomes aware of the existence of such defenses arising during the course of discovery and discovery so warrants.

WHEREFORE, Defendant prays for relief as follows:

1.     That the Court dismiss the Complaint, with prejudice and in its entirety;

2.     That Plaintiff take nothing by reason of this Complaint and that the Court enter judgment against Plaintiff and in favor of Defendant;

3.     That the Court award Defendant its attorneys' fees and costs incurred in defending this action to the extent that Defendant is permitted to do so based upon current law;

/ / /

1    4.    That the Court grant Defendant such other and further relief as the Court may deem

2  just and proper.

3

4  DATED:  April 18, 2022                    HANSON BRIDGETT LLP

5

6                                            By: _____

7                                            DIANE MARIE O'MALLEY
                                             SAMANTHA A BOTROS
8                                            Attorneys for Defendant
                                             MERRILL GARDENS, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

**Maria Bustos Ramirez v. Merrill Gardens**
**22STCV08363**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 777 S. Figueroa Street, Suite 4200, Los Angeles, CA 90017.

6

7

On April 18, 2022, I served true copies of the following document(s) described as **DEFENDANT MERRILL GARDENS LLC'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

8

## SEE ATTACHED SERVICE LIST

9

10

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address creyes@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11

12

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13

Executed on April 18, 2022, at Los Angeles, California.

14

15

16

_____
Chelsea C. Reyes

17

18

19

20

21

22

23

24

25

26

27

28

18494320.1

-11-
DEFENDANT MERRILL GARDEN'S ANSWER TO COMPLAINT

1

## SERVICE LIST

2

3    Kane Moon (SBN 249834)                  *Attorneys for Plaintiff Maria Bustos Ramirez*
     kane.moon@moonyanglaw.com
4    Lilit Tunyan (SBN 329351)
     lilit.tunyan@moonyanglaw.com
5    MOON & YANG, APC
     1055 W. Seventh St., Suite 1880
6    Los Angeles, California 90017
     Telephone: (213) 232-3128
7    Facsimile: (213) 232-3125

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18494320.1    DEFENDANT MERRILL GARDEN'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

### *Maria Bustos Ramirez v. Merrill Gardens*
### *(Los Angeles Superior Court Case No. 22STCV08363)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, Suite 4200, Los Angeles, CA 90017.

On April 18, 2022, I served true copies of the following document(s) described as **DEFENDANT MERRILL GARDENS NOTICE OF REMOVAL** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address creyes@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 18, 2022, at Los Angeles, California.

_____
Chelsea C. Reyes

# SERVICE LIST

Kane Moon (SBN 249834)
kane.moon@moonyanglaw.com
Lilit Tunyan (SBN 329351)
lilit.tunyan@moonyanglaw.com
MOON & YANG, APC
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

*Attorneys for Plaintiff Maria Bustos Ramirez*